UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GEORGE FREDRICK HATFIELD,**
        **Petitioner,**

v.                                                             Civil Action No. 4:04cv154
                                                                                                                                                  Criminal Action No. 4:03cr56-2

**UNITED STATES OF AMERICA,**
        **Respondent.**

## ORDER AND OPINION

Currently before the court is George Frederick Hatfield's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that he received ineffective assistance of counsel, that his sentence was unconstitutionally enhanced based on crimes for which he was not found guilty, and that his conviction was obtained by violation of the prohibition against double jeopardy. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings U.S. Dist. Cts. 8(a). For the reasons set forth below, Hatfield's petition is **DENIED**.

**I.      Factual Background**

Petitioner was charged with four felony counts resulting from a conspiracy to grow and sell marijuana: Count One, conspiracy to manufacture 100 or more marijuana plants, in violation of Title 18, United States Code Section 846(a)(1); Count Two, possession with intent to

distribute 100 or more marijuana plants, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(B); Count Three, possession of an unlicensed machine gun, in violation of Title 26, United States Code Sections 5841, 5845(a) and (b), 5861(d) and 5871; and Count Four, felon in possession of a firearm, in violation of Title 18, United States Code Section 922(g)(1). Pursuant to a written plea agreement with the government, petitioner pleaded guilty to Counts One and Three on June 24, 2003. As part of the plea agreement between petitioner and the United States, the court dismissed Counts Two and Four.

On September 23, 2003, petitioner filed objections to the criminal history points he had been assigned in the presentence report. Specifically, he objected to being assigned two points for a conviction in Norfolk Juvenile and Domestic Relations Court, two points for possessing a dangerous weapon in connection with unlawful manufacturing of a controlled substance, and four points for possessing a firearm in connection with another felony offense. On October 8, 2003, petitioner filed his position with respect to sentencing factors and a motion for downward departure, claiming that the seriousness of his criminal history had been over-represented by the presentence report. The United States filed a position paper on October 10, 2003, agreeing with petitioner that he should not be assessed a four-level increase for possessing a firearm in connection with another felony because the possession of the firearm was unrelated to the marijuana conspiracy. On October 15, 2003, a sentencing hearing was held and following oral argument, this court continued disposition of this case until December 5, 2003, in order to wait for the resolution of petitioner's Norfolk Juvenile and Domestic Relations Court conviction, which he had appealed to Norfolk Circuit Court. On October 22, 2003, petitioner was convicted in Norfolk Circuit Court and his defense counsel withdrew his objection to the criminal history

calculation.

On December 5, 2003, this court found that the four-level enhancement was not warranted and denied petitioner's request for a downward departure. Based on the court's rulings, petitioner's total offense level was 23, and his criminal history category was IV, making his guideline range 70-87 months. This court sentenced petitioner to 84 months of imprisonment on each count, to be served concurrently, and five years supervised release following his release from confinement. In accordance with his plea agreement, petitioner did not appeal his sentence.

**II.     Procedural History**

On or about December 8, 2004, petitioner filed the instant petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his petition, petitioner alleges that he received ineffective assistance of counsel when his court-appointed attorney, Bryan L. Saunders, brought him multiple plea agreements to sign and told him that one of them would permit him to get into a drug rehabilitation program. Petitioner further alleges that his punishment was unconstitutionally enhanced by specific sentencing factors, including a four-point enhancement for possession of between eight and twenty-four firearms and a two-point enhancement for possession of a dangerous weapon while committing a felony. Petitioner alleges that these were crimes of which he was not found guilty and did not plead guilty, and that therefore this represents a violation of the Constitution. Finally, petitioner alleges that his conviction was obtained by a violation of the protection against double jeopardy, as the two sentencing enhancements he objects to were elements of the same crime.

This court, on December 20, 2004, ordered the United States Attorney to file an answer

or pleading to the petitioner's motion. The United States filed a response on February 17, 2005, wherein it moved for dismissal of petitioner's claims without a hearing. Petitioner filed a reply to the United States' response on April 13, 2005. The matter is now before this court.

**III.   Standard of Review**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981). There are two instances, however, when a procedurally defaulted claim may be considered on collateral review. The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a

'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).  Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted.  See Schlup v. Delo, 513 U.S. 298, 321 (1995).  A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition.  United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).  In the instant case, the petitioner has not alleged that he is actually innocent of the crimes for which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the errors he alleges.

**IV.    Analysis**

A.    Ineffective Assistance of Counsel

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. CONST. amend. VI.  The Sixth Amendment right to counsel includes the right to the effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential."  Id.  See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards).  There are two prongs to the Strickland test: performance and prejudice.  To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice.  Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors.

Petitioner alleges only one example of his attorney's alleged ineffective assistance. Petitioner claims that his attorney presented him with more than one plea agreement: one in which he pled guilty to an offense under Title 18, United States Code Section 922(g)(1), and another agreement in which he pled guilty to an offense under Title 26, United States Code Section 5861, which would help him get into a drug rehabilitation program. Petitioner's counsel, Bryan Saunders, has submitted an affidavit denying that there were multiple plea agreements offered to petitioner. In his affidavit, Attorney Saunders denies ever encouraging petitioner to accept the plea agreement offered by the government under any rationale relating to facilitating his admission into a drug treatment program.

In evaluating a claim of ineffective assistance of counsel made after a guilty plea, statements made under oath, such as those made in a Rule 11 proceeding, are binding on the petitioner "[a]bsent clear and convincing evidence to the contrary." Fields v. Atty. Gen. of Md.,

956 F.2d 1290, 1299 (4th Cir. 1992). That a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is evidence of the "voluntary and intelligent" nature of the plea. Id.

On June 24, 2003, petitioner entered a plea of guilty pursuant to a written plea agreement which was signed by all parties and filed in open court. In the agreement, petitioner agreed to plead guilty to counts 1 and 3 of the indictment against him. Significantly, he did not plead guilty to an offense under 18 U.S.C. § 922. There is nothing in the plea agreement that would lead petitioner to believe that he was eligible for any type of drug rehabilitation program. There is also no evidence to corroborate petitioner's claim of multiple plea agreements.

Although petitioner alleges certain errors that his counsel committed, he fails to demonstrate that those errors meet the Strickland standard. Petitioner's defense counsel acted professionally and competently during the proceedings. Moreover, even had he acted as petitioner claims he should have acted, the result of the proceedings would have been the same. During petitioner's Rule 11 hearing, he indicated that he understood the written plea agreement and was satisfied that his attorney had fully considered all the facts and defenses available. Petitioner testified that he was entering into the plea agreement freely and voluntarily.

Petitioner has demonstrated no facts by which this court might determine that he received ineffective assistance of counsel. Accordingly, petitioner's claim of ineffective assistance of counsel is dismissed.

B.    Sentencing Enhancements

i.    Four-point Enhancement

Hatfield claims that his sentence was unconstitutional because it was enhanced by

sentencing factors that involved crimes to which he did not plead guilty and was not convicted. Petitioner specifically objects to a four-level enhancement under U.S.S.G. § 2K2.1(b)(1)(B), for possessing between eight and twenty-four firearms.

Section 2K2.1(b)(1)(B) of the United States Sentencing Guidelines provides that if the underlying offense involved between three and seven firearms, the offense level should be increased two points, and if the offense involved between eight and twenty-four firearms, the offense level should be increased by four points. During the execution of a search warrant of petitioner's home, nine firearms were recovered. After initially denying that the firearms were his, petitioner admitted in his pre-sentence interview that they were his and that he knew they were not licensed or registered. During petitioner's sentencing, this court found that the guidelines had been correctly calculated based on the number of firearms recovered from petitioner's home.

Petitioner alleges that, because the grand jury indictment only explicitly lists five firearms among its charges, there is no proof that he possessed more firearms than those. He further argues that, because several counts of the indictment against him were dismissed as part of his plea agreement, he only pleaded guilty to counts involving a total of two firearms. He therefore posits that the firearms mentioned in the dismissed counts of the indictment were wrongly taken into consideration by this court in his sentencing.

Petitioner did not raise this issue at his sentencing, and as part of his plea agreement waived the right to raise this issue on appeal. Petitioner alleges, however, that as a result of the Supreme Court's decisions in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), his sentencing enhancements were unconstitutional.

In Blakely, the Supreme Court extended its ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. Id. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant. Blakely, 124 S.Ct. at 2537.

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines. Id. at 2538 n.9. The Court subsequently, in Booker, applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress would have preferred an advisory guideline scheme to none at all. Booker, 125 S.Ct. at 745, 756. Thus, even though this petition was filed prior to the Court's decision in Booker, it is that decision, as opposed to Blakely, that is applicable to petitioner's sentence under the federal sentencing guidelines.

Because petitioner is collaterally attacking his final sentence, the court must determine if the rule announced in Booker may retroactively apply to the petitioner. Retroactivity comes into play where a criminal defendant has been found guilty and his conviction has become final prior to the announcement of the new rule. See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D. Va. 2004). A conviction is final if "'the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'" Teague v. Lane, 489

U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

Petitioner's conviction clearly became final prior to the decision in Booker, and therefore he must show that the Supreme Court decision he wishes to take advantage of announced a new rule and the new rule is retroactive on collateral review. See id. at 308. A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301. Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that the court can enhance sentences on the basis of judicially determined facts so long as the statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from the other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker was a new rule, there is only a narrow class of cases to which the new rule will apply retroactively on collateral rule. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

It is undisputed that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S.Ct. at 2523. Booker does not involve the substantive determination of what conduct is lawful or unlawful. Moreover, the rule announced in Apprendi, 530 U.S. 466 (2000), upon which Booker relied, has been

determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S.Ct. at 2523; Sanders, 247 F.3d at 151 (finding that the rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may apply retroactively if it establishes one of the rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S.Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, the decision must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S.Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge or jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guidelines system has some flexibility in application.

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court intended to overrule the numerous cases holding that Apprendi does not apply retroactively on collateral review. This determination is in accord with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F.Supp. at 538-39 n.5 (citing the cases). Each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See Lloyd v. United

States, No. 04-3549, 2005 WL 1155220, *5 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); McReynolds, 397 F.3d at 491. See also United States v. Johnson, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005).

Petitioner's reliance upon the rule outlined in Booker is misplaced. Booker is not retroactively applicable to petitioner's sentence, and therefore his claim of unconstitutional enhancement of his sentence is dismissed.

ii.    Two-point Enhancement

Petitioner also alleges that his sentence is unconstitutional because it was enhanced under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. However, petitioner's claim is factually incorrect. In calculating petitioner's sentence, the United States Probation Officer completed Worksheet "A" for both counts of his conviction, 21 U.S.C. § 846 and 26 U.S.C. § 5861(d). Worksheet "A" for Count One resulted in a base offense level of 16 and a two-point enhancement for possession of a dangerous weapon. Worksheet "A" for Count Three resulted in a base offense level of 22 and the four-point enhancement for nine firearms, among other enhancements. Because Count One and Count Three were grouped together under U.S.S.G. § 3D1.1(c), the highest adjusted level from Worksheet "A" was used. Thus, the base offense level for Count Three was applied and the two-level enhancement on Count One had no bearing on petitioner's guideline calculation. Prior to sentencing, defense counsel withdrew his objection to the two-point enhancement, noting his agreement with the application of the guidelines. Petitioner's claim that his sentence was unconstitutionally enhanced by inclusion of a two-point

enhancement in determining his sentencing guidelines is therefore dismissed.

C.      Double Jeopardy

Finally, petitioner claims that his conviction was obtained in violation of the prohibition against double jeopardy. He asserts that his double jeopardy rights were violated because his sentence was enhanced for possessing nine firearms and for possessing a dangerous weapon. Even if petitioner's claim was factually correct, it would still be dismissed.

The double jeopardy clause is not violated by guideline sentence enhancements. United States v. Williams, 954 F.2d 204, 208 (4th Cir. 1992). The Fourth Circuit has consistently rejected the argument that petitioner seeks here. See United States v. Wilson, 198 F.3d 467 (4th Cir. 1999) (ruling that sentence for use of firearm in violation of 18 U.S.C. § 924(c) and sentencing enhancement for "physical restraint" with same firearm did not result in impermissible double counting). Unless double counting is expressly prohibited, the same conduct may be counted under two or more guideline provisions. Id. at 472 n.*. Where, as here, the sentencing guidelines are applied as written, there is no impermissible double counting. Id.

In the instant case, the two-level enhancement for possession of a dangerous weapon was not used in calculating petitioner's sentencing guideline range. It is therefore impossible for there to have been any double counting in computing this range. Accordingly, petitioner's claim that his conviction was obtained in violation of double jeopardy clause is dismissed.

**V.      Conclusion**

For the reasons stated on the record, and for those discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of

appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

June 8, 2005
Norfolk, Virginia